THE CITIZENS STATE BANK ET AL. *v.* MICHEL ET AL.
[No. 15,734. Filed March 26, 1937.]

*Lee M. Bowers,* for appellants.

*H. B. Spencer,* for appellees.

DUDINE, J.—Appellants instituted this suit to fore-

close a chattel mortgage given to the bank as security for the payment of three notes.

The amended complaint, on which the case was tried, was in three paragraphs, one on each note. Appellees filed joint and several answers in four paragraphs, one of which was verified and denied the acknowledgment of the chattel mortgage. The issues were closed by a reply in general denial.

The cause was submitted to the court for trial without a jury, and, request therefor having been duly made, the court made a special finding of facts and stated conclusions of law which were in effect that: (1) Appellants recover judgment against appellees William C. Michel and Clara Michel (his wife) on the notes, but (2) that appellant "is not entitled to a foreclosure of said chattel mortgage;" and (3) that no recovery be had as against appellee Earl Michel. Judgment was rendered in accordance with the conclusions of law.

The overruling of a motion for new trial, filed by appellants, and alleged error in the second conclusion of law, are the errors assigned and relied upon for reversal in this appeal.

The causes for new trial presented are: (1) the decision is not sustained by sufficient evidence; (2) the decision is contrary to law.

All the questions presented relate to the decision of the court that appellants were not entitled to a foreclosure of the chattel mortgage. The mortgage contained a proper form of acknowledgment and indicated that appellee William C. Michel had acknowledged it before a named notary public. The court found specially that William C. Michel had signed the mortgage, but found further that he "never acknowledged the execution of the chattel mortgage" before the notary public.

Appellants contend the evidence does not sustain such finding.

The evidence on the subject of the acknowledgment of the mortgage is conflicting. For the purpose of determining said contention, we may disregard the ▮▮▮ evidence which is unfavorable to the finding. Appellee William C. Michel testified that the notary public was not present when he signed the instrument. That testimony was corroborated by the testimony of appellee Clara Michel and appellee Earl Michel. William C. Michel further testified that he at no time acknowledged the execution of said instrument before or to said notary public. We hold that the evidence is sufficient to sustain said finding.

The evidence further shows and the court found specially that on December 23, 1933, about three years after appellee William C. Michel signed said chattel mortgage, he executed and delivered to appellee Earl Michel (his son) his chattel mortgage on substantially the same personal property covered by the mortgage which appellants seek to foreclose, to secure the payment of a promissory note executed and delivered to him by his father; that on the same date appellee William C. Michel executed and delivered to appellee Clara Michel (his wife) another chattel mortgage on substantially the same personal property, to indemnify her as surety on a note executed by the mortgagor to the First State Bank of Huntington, which note was dated December 11, 1933.

The mortgage sought to be foreclosed not having been acknowledged, it is not valid against appellees Clara Michel and Earl Michel, who were not parties thereto, but who have an interest in the property covered by the mortgage (Sec. 33-301 Burns 1933, §8373 Baldwin's 1934), and therefore the court's decision that appellants be not entitled to a foreclosure of their mortgage as against said two appellees

is not contrary to law, but in harmony with law. The evidence is sufficient to sustain the decision.

Other questions are stated in appellants' brief, but the questions which we have discussed are determinative of this appeal, and it is not necessary that we discuss any of said other questions.

No reversible error having been shown, the judgment is affirmed.